IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| RUSSELL EVANS and KEYANA WASHINGTON, | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) CIVIL ACT. NO. 3:16cv159-WKW-TFM ) (WO) |
| THOMAS SLEZAK and MARTEN TRANSPORTATION LTD. CORP., | ) ) ) ) |
| Defendants. | ) |

**RECOMMENDATION of the MAGISTRATE JUDGE**

Plaintiffs Russell Evans and Keyana Washington filed the Complaint against Defendants Thomas Slezak ("Slezak") and Marten Transportation Ltd. Corp. ("Marten Transport") on January 21, 2016. Doc. 1. The case was subsequently removed to this court. Defendant Slezak filed a motion to dismiss (doc. 37) on April 21, 2017, and a motion to quash service on May 21, 2017 (doc. 39). In both motions, Slezak asserts that the case should be dismissed because Plaintiffs failed to serve the Complaint within 90 days as set forth in Fed.R.Civ.P. 4(m). On June 2, 2017, Plaintiffs filed a response to the Motions. Doc. 44.

Rule 4(m) of the Federal Rules of Civil Procedure provides:

> If a defendant is not served within 90 days after the complaint is filed, the court – on motion or on its own motion after notice to the plaintiff – must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period. . . ."

Fed.R.Civ.P. 4(m).

Plaintiffs assert that they have acted diligently in attempting to serve Slezak. Shortly upon learning Slezak was arrested in Volusia County, Florida, Plaintiffs served him with the Complaint at his current address on May 19, 2017. Plaintiffs also argue that this court should not consider the Motions because Attorney Edgar Elliott is not counsel for Defendant Slezak.

Before going any further with this case, the court must conduct some housecleaning. The record indicates that the attorneys for Slezak have stepped in and out of representation throughout the proceedings. On March 10, 2016, Attorney Elliott filed an "Answer of Defendant Marten Transport Limited Corporation." Doc. 2. Although the heading styled the Answer as filed solely on behalf of Marten Transport, defense counsel set forth answers to all of the claims against both Slezak as an individual and Marten Transport. Doc. 2. As a result, the Clerk docketed the Answer as filed on behalf of both defendants.

In the Rule 26(f) Report filed on April 12, 2016, both Attorneys Elliott and Irving W. Jones, Jr., represented that they were counsel for both Slezak and Marten Transport. Doc. 10. Their participation in the Rule 26(f) meeting as counsel for both defendants gave the court, and most likely all of the parties, the impression that Slezak was represented and that he had notice of the proceedings. On April 29, 2016, Attorney Jones filed a notice of appearance as additional counsel of record for both Slezak and Marten Transport. Doc. 13.

On September 15, 2016, a motion to withdraw as counsel of record was filed in which "*the undersigned counsel* of the firm Christian & Small LLP" moved for an order allowing their withdrawal as counsel for the individual defendant Slezak. Doc. 19. The Motion to Withdraw listed both Attorneys Elliott and Jones as counsel for Defendant Slezak; the problem, however, is that only Attorney Elliott actually signed the Motion. *Id*. On September 19, 2016, the court compounded this error by granting only Attorney Elliott's Motion to Withdraw. Doc. 20. Consequently, Attorney Jones remains on the docket as counsel of record for Defendant Slezak.

Adding to the problem, Attorney Elliott filed the Motion to Dismiss and Motion to Quash Service on behalf of Defendant Slezak despite his earlier withdrawal as counsel of record for the individual defendant. Docs. 37 & 39. For this reason alone, it is clear that the Motions are due to be denied. Moreover, the confusion in this case over the status of the defendant's representation and whether Slezak received actual notice of the lawsuit during its initial stages should satisfy good cause for Plaintiffs' delay in service and provides sufficient reason for this court to extend the time for the plaintiffs to personally serve this individual defendant with the Complaint.

The record indicates that Plaintiffs did personally serve Defendant Slezak with the Complaint on May 19, 2017. Doc. 43. The court finds that Plaintiffs acted diligently in attempting to serve the individual defendant and that they have demonstrated good cause for the delay. Therefore, the court must extend the time for service. *See* Fed.R.Civ.P. 4(m).

A status conference regarding the current status of representation of Defendant Slezak will be set in a separate order.

Accordingly, it is the

RECOMMENDATION of the Magistrate Judge as follows:

(1) The Motion to Dismiss and Motion to Quash Service be DENIED. Doc. 37 & 39.

(2) The time for Plaintiffs to serve Slezak with the Complaint is extended to May 19, 2017.

The Clerk of Court is DIRECTED to send a copy of this Recommendation by both regular and certified mail to Defendant Slezak at 91 Ford Street, Ormond Beach, FL 32174.

Finally, it is

ORDERED that the parties shall file any objections to the said Recommendation on or before July 27, 2017.  Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party objects.  Frivolous, conclusive or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a de novo determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except

upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 12th day of July, 2017.

/s/Terry F. Moorer
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE